UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK W. IRVIN | No. 3:16-cr-159 (SRU) |

### ORDER ON MOTION FOR SENTENCE REDUCTION

Mark Irvin, currently incarcerated at FCI Danbury, filed the instant motion for a reduction of his sentence. Irvin argues that his current medical conditions—cataracts and age-related macular degeneration—and the BOP's failure to treat those conditions, along with the impacts of the COVID-19 pandemic and his rehabilitation warrant a reduction of his sentence to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mot. For Sentence Reduction, Doc. No. 64.

The government opposes the motion on the grounds that Irvin has not demonstrated extraordinary and compelling reasons warranting a sentence reduction, and that the 18 U.S.C. § 3553(a) factors counsel against release. *See* Mem. in Opp'n to Def.'s Mot. for Sentence Reduction, Doc. No. 71.

For the following reasons, Irvin's motion for a reduction of his sentence is **denied**.

**I.    Background**

On August 31, 2016, Irvin pleaded guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251. *See* Plea Agreement, Doc. No. 46. On November 23, 2016, I sentenced Irvin to the mandatory minimum term of imprisonment of 180 months, to be followed by a term of supervised release of 15 years, and a special assessment of $100. *See* Judgment, Doc. No. 60.

Irvin also was charged with state offenses and received punishment in Connecticut state court for the same conduct that forms the basis of the charges in this case. On September 29, 2016, he pleaded guilty to one count of possessing child pornography in the first degree, in violation of Conn. Gen. Stat. § 53a-196d, two counts of illegal sexual conduct with a child under the age of sixteen, in violation of Conn. Gen. Stat. § 53-21(a)(2), and two counts of sexual assault in the fourth degree with a child under the age of sixteen, in violation of Conn. Gen. Stat. § 53a-73a. *See* Mot. for Sentence Reduction, Doc. No. 64, at 2. On the same day as his federal sentencing, November 23, 2016, Irvin was sentenced in state court to a term of imprisonment of 180 months, to run concurrently with his federal sentence. *Id.*

On June 24, 2024 Irvin, through counsel, submitted a letter to the Warden of FCI Danbury requesting that Irvin be granted compassionate release. *See* Ex. A to Mot. for Sentence Reduction, Doc. No. 64-1. To date, the court is not aware of any response by the Warden to that request.

On September 19, 2024 Irvin filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Doc. No. 64. The government opposed the motion on November 13, 2024. *See* Mem. in Opp'n to Def.'s Mot. for Sentence Reduction, Doc. No. 71. Irvin filed a reply on November 22, 2024. *See* Reply Mem. in Further Supp. of Mot. for Sentence Reduction, Doc. No. 73. Irvin, who is now 73 years old, is currently housed at FCI Danbury, a low security federal correctional institution. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 16, 2025). Irvin's scheduled release date from federal custody is July 1, 2028. *See id.* Irvin has been incarcerated since his arrest on September 21, 2015. *See* Mot. for Sentence Reduction, Doc. No. 64 at 3 n.1.

I assume familiarity with the basic background of Irvin's criminal case, as set forth in the plea agreement and the parties' sentencing memoranda. *See* Docs. Nos. 46, 53-54. In his motion to reduce his sentence, Irvin asserts several reasons why he believes his sentence should be reduced, including his longstanding and worsening vision-related issues of macular degeneration and cataracts, inability to receive adequate treatment for those conditions in the BOP, the COVID-19 pandemic, and his rehabilitation in prison. *See* Mot. for Sentence Reduction, Doc No. 64 at 3-5.

**II.     Standard of Review**

As amended by the First Step Act, 18 U.S.C. § 3582(c) authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court may make such a modification only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The applicable policy statement for compassionate release is found in U.S. Sentencing Commission Guidelines § 1B1.13 and Commentary. That section was amended, effective November 1, 2023, and now provides an expanded list of "extraordinary and compelling reasons" warranting compassionate release. *See* U.S.S.G. § 1B1.13.

The defendant bears the burden of proving that he or she is entitled to a sentence reduction. *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

### III.   Discussion

#### A. Exhaustion

As an initial matter, the First Step Act requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait 30 days after "the receipt of such a request by the warden of the defendant's facility" before filing a motion in federal court. 18 U.S.C. § 3582(c)(1)(A). Because more than 30 days have elapsed since Irvin's June 24, 2024 request for compassionate release to the Warden of FCI Danbury, Irvin has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) and I may consider his motion for a reduction of his sentence.

#### B. Extraordinary and Compelling Reasons

I am not convinced that extraordinary and compelling circumstances warrant a reduction of Irvin's sentence to time served. 18 U.S.C. § 3582(c)(1)(A)(i).

First, Irvin claims that his medical conditions and inability to receive adequate treatment in BOP custody constitute extraordinary and compelling reasons warranting a reduction of his sentence. *See* Mot. for Sentence Reduction, Doc. No. 64 at 5. Irvin attached medical records to his motion that span his time in BOP custody and corroborate his cataracts diagnosis, its progression, and his need for cataract extraction surgery. *See* Exs. B-C, Doc. No. 66. Irvin also submitted records of other conditions, including atrioventricular block, prostate issues, and cholesteatoma. *See* Exs. D-J, Doc. No. 66. Courts have previously found that medical conditions such as cataracts and macular degeneration warrant a sentence reduction, especially

4

where the condition requires medical care that the defendant cannot receive, or has not received, in prison. *See, e.g.*, *United States v. Bang*, 2024 WL 1051582, at *4 (S.D.N.Y. Mar. 11, 2024) ("[The defendant's] circumstances are not ordinary. He suffers from [] serious and debilitating [cataracts] that requires expert and specialized medical care that he cannot receive in prison."); *United States v. Halliday*, No. 3:17-cr-00267 (JAM), ECF No. 176, at 1-2 (D. Conn. Aug. 11, 2022) (granting compassionate release where defendant's eye disease advanced to a point where permanent blindness was imminent unless defendant received medical treatment, which the BOP had not timely acted to address); *United States v. Haessly*, 2020 WL 5269793, at *4 (D. Conn. Sept. 4, 2020) (finding that underlying medical conditions, particularly cataracts and the defendant's need for cataracts surgery, warranted a sentence reduction); *see also* U.S.S.G. § 1B1.13(b)(1)(B) (providing that medical circumstances are extraordinary and compelling when the defendant has a "serious physical or medical condition," a "serious functional or cognitive impairment," or deteriorating health due to aging, that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover).

Here, Irvin asserts in his motion that he had been seeking cataract extraction surgery in both eyes since July 2018. *See* Mot. for Sentence Reduction, Doc. No. 64 at 5. He received that surgery on his right eye in January 2020, but as of the date he filed his motion he had not yet received the treatment on his left eye, despite a continued worsening of his vision. *See id*. at 5; *see also* Exs. B-J, Doc. No. 66 (Irvin's medical records). However, I ordered the parties to file a status report confirming whether Irvin had received the cataract extraction surgery in his left eye. *See* Order, Doc. No. 77. On June 12, 2025, the parties filed a joint status report stating that Irvin received cataract removal and intraocular lens implantation surgery on May 6, 2025. *See* Joint

Status Report, Doc. No. 80.  Because Irvin has now received the cataract extraction surgery he sought and which he alleged the BOP would not provide him, his argument that the BOP cannot, or would not, adequately treat his cataracts is moot.

Second, Irvin argues that his other medical conditions and age constitute extraordinary and compelling reasons warranting a sentence reduction.  *See* Mot. for Sentence Reduction, Doc. No. 64 at 17.  More specifically, he argues that together with his cataracts, his atrioventricular block, prostate issues, and cholesteatoma further support a reduction of his sentence to time served.  *See id.*  Those those other conditions have appeared relatively recently, however, *see* Exs. B-J, Doc. No. 66 (Irvin's medical records), and there is no evidence that the BOP has failed to adequately treat them.  *C.f. Bang*, 2024 WL 1051582, at *4 (collecting cases in which courts granted compassionate release because of medical conditions that the BOP failed to treat, and that, if not treated promptly, "would severely and detrimentally impact [the defendant's] activities of daily living and impede [the defendant's] ability to become a productive member of society.").[1]  I therefore conclude that those other medical conditions do not rise to the level of extraordinary and compelling reasons to reduce his sentence.

---

[1] The government notes that it is not clear that a reduction in Irvin's sentence will result in his release to the community to receive medical treatment, given that he would still have to serve his concurrent 15-year state sentence.  *See* Mem. in Opp'n to Def.'s Mot. for Sentence Reduction, Doc. No. 71 at 6-7.  Denying his motion on that ground, however, would be inappropriate.  Although Irvin will still be obligated to serve his remaining state sentence, he explains that he would be eligible for parole from state custody and may return to the community sooner if his federal sentence is reduced.  *See* Reply Mem. in Further Supp. of Mot. for Sentence Reduction, Doc. No. 73 at 2; *United States v. Correa*, 2020 WL 7490098, at *1 (S.D.N.Y. Dec. 21, 2020) (Granting a compassionate release motion "with the knowledge that [the defendant] will not be released into the community but will be released to [state] custody, where he will serve out the remaining term of his concurrent state sentence for conduct related to his federal offense.").  In any event, I deny Irvin's motion on other grounds.

Third, Irvin argues that the COVID-19 pandemic has made his sentence excessively punitive. *See* Mot. for Sentence Reduction, Doc. No. 64 at 18. Many courts recently considering the issue hold that the COVID-19 pandemic alone, absent other extraordinary and compelling circumstances, does not justify reducing a defendant's sentence because of widespread vaccination. *See United States v. Rodriguez*, 2024 WL 4528869, at *3 (D. Conn. Oct. 18, 2024) ("Since [COVID-19] vaccines have become widely available, courts have routinely denied motions for compassionate release filed by defendants with well-managed underlying conditions . . . ."). I recognize, however, that any period of time Irvin spent incarcerated during the pandemic has been more punitive than otherwise would have been the case due to the well-documented, harsh pandemic-related conditions of confinement, including repeated prison lockdowns. *See* Mot. for Sentence Reduction, Doc. No. 64, at 18-20; *United States v. Amerson*, 2023 WL 4497767, at *6 (E.D.N.Y. July 12, 2023) ("Undoubtedly, a day spent in prison under extreme lockdown and in well-founded fear of contracting a once-in-a-century deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison."). Nonetheless, now that Irvin has apparently received adequate treatment for his cataracts and thus no other extraordinary and compelling reason exists to reduce Irvin's sentence, I am not convinced that the COVID-19 pandemic alone is a sufficient reason. *See, e.g., United States v. Russo,* 643 F. Supp. 3d 325, 333 (E.D.N.Y. 2022) (noting that, while COVID-19 is a factor that may weigh in favor of sentence reduction, it "may not independently constitute an extraordinary or compelling reason.").

Fourth, Irvin points to his rehabilitation as justification for a reduction of his sentence. *See* Mot. for Sentence Reduction, Doc. No. 64 at 22. But rehabilitation alone is not an extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13(d); *United States v. Brooker*, 976

7

F.3d 228, 237-38 (2d Cir. 2020) (rehabilitation alone is not extraordinary and compelling, but together with other factors, may warrant a sentence reduction). I commend Irvin on the strides he has made towards rehabilitation during his sentence, such as successfully completing the BOP's Resolve Program. *See* Mot. for Sentence Reduction, Doc. No. 64. However, in the absence of any other extraordinary and compelling reason to reduce his sentence, Irvin's rehabilitation alone is insufficient.

Because I find that there is no extraordinary and compelling reason to reduce Irvin's sentence, I need not consider whether the 3553(a) sentencing factors would be served by a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

### IV.    Conclusion

For the foregoing reasons, Irvin's motion to reduce his sentence, Doc. No. 64, is **denied**. So ordered.

Dated at Bridgeport, Connecticut, this 17th day of September 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge